UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEREDITH SPRINGFIELD ASSOCIATES, INC., | * * * |
| Plaintiff, | * * Civil Action No. 17-30035-MGM |
| v. | * * |
| PUMA LOGISTICS, LLC, et al., | * * |
| Defendants. | * |

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT PUMA LOGISTICS, LLC
(Dkt. Nos. 21 and 31)

July 6, 2018

MASTROIANNI, U.S.D.J.

Magistrate Judge Katherine A. Robertson has recommended the court grant Plaintiff's motion for default judgment and enter final judgment against Defendant Puma Logistics, LLC ("Puma")[1] in the amount of $21,207.66 with attorneys' fees and costs in the amount of $8,099.30. (Dkt. No. 31.) Judge Robertson explained that by serving the Texas Secretary of State, which certified that Puma failed to maintain a registered agent in Texas to accept service of process, Plaintiff is deemed to have properly served Puma under federal and Texas law. In addition, Judge Robertson explained, there is evidence Puma was made aware of Plaintiff's claims against it. Accordingly, following the clerk's entry of default against Puma, Judge Robertson concluded default judgment is warranted due to Puma's failure to appear. In that situation, the facts alleged in the complaint as to Puma are taken to be true. Those facts demonstrate that after Plaintiff's products

---

[1] Plaintiff also named Sweeney Transportation, Inc. and J.P. Morgan Chase Bank, N.A., in its complaint, but has since filed stipulations of dismissal as to these defendants. Therefore, Puma is the only remaining defendant in this action.

were damaged in an accident while Puma was transporting them for delivery, Puma wrongfully deposited a check from Puma's insurance company intended to compensate Plaintiff for its losses. Moreover, Judge Robertson concluded that Puma's misappropriation of the $10,603.83 check provides a basis for liability under Mass. Gen. Laws ch. 93A, and Puma's knowing and willful misconduct justifies doubling the damages under Chapter 93A for an award of $21,207.66. As to interest, Judge Robertson explained that Massachusetts law only permits prejudgment interest to accrue on the nonpunitive portion of the damages ($10,603.83). She therefore recommended that the final judgment provide for prejudgment interest at 12% per annum on this amount, running from the date of filing through entry of judgment, and postjudgment interest at the prevailing federal rate on the entire award running from entry of final judgment. Lastly, because Chapter 93A requires an award of reasonable attorneys' fees and costs, Judge Robertson—after inspecting Plaintiff's legal bills—recommended an award of attorneys' fees and costs totaling $8,099.30.

The Report and Recommendation notified Puma that it had fourteen days to file an objection. No objection has been filed. Based upon the thorough analysis presented in the Report and Recommendation, and noting there are no objections, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 31.) Based upon this, Plaintiff's motion for default judgment against Puma (Dkt. No. 21) is hereby GRANTED. The Clerk is directed to enter final judgment in Plaintiff's favor against Puma Logistics, LLC in the amount of $21,207.66, with interest at 12% per annum running on $10,603.83 of the award through the entry of judgment and postjudgment interest at the prevailing rate running on the entire award from the date of judgment, along with attorneys' fees and costs in the amount of $8,099.30.

It is So Ordered.

    /s/ Mark G. Mastroianni
    MARK G. MASTROIANNI
    United States District Judge